UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>AARON SHAW,<br>　　　　　　　　Defendant. | Case No. 3:20-cr-00061-HDM-CSD<br><br>ORDER |

Before the court is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines filed by the defendant, Aaron Shaw ("Shaw"). (ECF Nos. 61 & 70). The government has opposed (ECF No. 73), and Shaw has replied (ECF No. 76).

**Factual and Procedural Background**

Shaw was charged in this case with three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (ECF No. 11). On July 14, 2021, he pleaded guilty to all three counts pursuant to a binding plea agreement in which the parties agreed to a sentence of 84 months' imprisonment. (ECF Nos. 43 & 45). The presentence report, however, calculated a Guidelines range of 100-125 months, based in part on Shaw's criminal history category being V, and the court, at sentencing, noted that given the "defendant's prior criminal record, and also, the nature of the offenses" a downward departure from the Guidelines range would "require [the court] to make some findings that would be difficult . . . to make in this case." (ECF

1

No. 69 at 6-7). The government explained that it agreed to the 84-month sentence based on the parties' anticipation that Shaw would fall in a category III or IV criminal history and that a category V probably overstated Shaw's criminal history. (*Id.* at 12-13). Both the government and Shaw advised the court that they would have no objection if the court found Shaw fell instead into a category IV because his criminal history was overstated at category V. (*Id.* at 14). The court then stated:

> . . . I do agree with everyone that some of the prior criminal history tends to overstate the defendant's prior criminal conduct to the extent that he -- I think he probably appropriately, without objection, falls in a category IV with a 25 which puts him to 84 to 105.
>
> Under those circumstances, the binding nature of the plea agreement would, if I accept it, still be within the guideline range although it would be at the bottom of the guideline range, and I can advise you that I have even difficulty placing the defendant at the bottom of the guideline range considering the prior conduct and the conduct in this case.
>
> But I believe, as far as I don't have to depart under the guidelines, and I don't have to grant variance which I don't think there's a basis for, then I can accept the binding nature of the plea agreement.
>
> So based upon the arguments of counsel, the Court finds and concludes that it can accept the binding nature of the plea agreement because it still falls within the guideline range.

(*Id.* at 15-16). Then, when making its finding, the court held:

> Prior criminal history, we've already discussed that generally. We do have the false imprisonment, three points, paragraph 81. Paragraph 82 is one point, obstruction. Eighty-three, paragraph 83, is two points, violation of a court order, and the driving under the influence of alcohol, one point, driving under the influence, one point, possession of controlled substance, one point. The total criminal history points in this case, the criminal history score is 11, and therefore the defendant falls under, in this case, a

2

> category IV because I've made an adjustment from V taking into consideration the one point adjustments that were made with respect to the alcohol and the controlled substance and the domestic issue which was two points which in all probability may well have been satisfied with one point.

(*Id.* at 18). The court then sentenced Shaw to a term of 84 months' incarceration.

Now, Shaw seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) on the grounds that his sentencing range has been lowered by Amendment 821 to the Guidelines.

**Standard**

Section 3582(c)(2) allows the court to, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," modify a term of imprisonment for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by" a retroactive amendment to the Sentencing Guidelines, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*; U.S.S.G. § 1B1.10(a)(1)-(2).

After Shaw was sentenced, U.S.S.G. § 4A1.1 was amended – by way of Amendment 821 - to reduce or eliminate the number of criminal history points counted when an offender commits the instant offense while under a criminal justice sentence, otherwise referred to as "status points." Prior to the amendment, qualifying offenders, like Shaw, received two status points. Following the amendment, only one point is now assigned, and only to an offender who has 7 or more other criminal history points. The amendment was made retroactive and may therefore support a sentence modification under § 3582(c)(2) and U.S.S.G. § 1B1.10. U.S.S.G. § 1B1.10(d).

3


**Analysis**

Here, Shaw had a total of 11 criminal history points, but because the court found that this overstated his criminal history, it placed him instead in a category IV. U.S.S.G. § 4A1.3(b) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a down-ward departure may be warranted."). The court did not, as Shaw argues, reduce his criminal history points to 8. At most, because Shaw has at least seven other criminal history points, Amendment 821 would allow for a one-point reduction in Shaw's score. A one-point reduction would have no effect on Shaw's criminal history category, which was and remains IV, and therefore he is not eligible for relief under § 3582(c)(2) and Amendment 821.

Moreover, the relevant § 3553(a) factors do not favor a reduction in sentence. The nature and circumstances of the offenses were violent and included not only pointing a firearm at multiple victims but doing so at close range and with threats to kill. Shaw's history and characteristics are also steeped in violence. The court finds that an 84-month sentence remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and also to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Accordingly, IT IS THEREFORE ORDERED that Shaw's motion for reduction of sentence (ECF Nos. 61 & 70) is DENIED.

IT IS SO ORDERED.

DATED: This 29th day of July, 2024.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE