UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>    v.<br>AARON SHAW,<br><br>                  Defendant. | Case No. 3:20-cr-00061-HDM-CSD<br><br>ORDER |

The defendant, Aaron Shaw, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 87).[1] The government has opposed (ECF No. 90). The defendant has not filed a reply, and the time for doing so has expired.

Shaw is serving a sentence of 84 months' imprisonment on his conviction of three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (ECF Nos. 11, 43 & 45). His current projected release date is November 25, 2026.[2] He now seeks a reduction in sentence under § 3582(c)(1)(A).

Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

---

[1] The Federal Public Defender has filed a notice of non-supplementation pursuant to Second Amended General Order 2020-06. (ECF No. 89).

[2] *See* https://www.bop.gov/inmateloc/ (last visited Feb. 7, 2025).

1

```
            of the defendant's facility, whichever is earlier, may
            reduce the term of imprisonment (and may impose a term

            of probation or supervised release with or without
            conditions that does not exceed the unserved portion of
            the original term of imprisonment), after considering
            the factors set forth in section 3553(a) to the extent
            that they are applicable, if it finds that--

            (i) extraordinary and compelling reasons warrant such a
            reduction;

            . . .

            and that such a reduction is consistent with applicable
            policy statements issued by the Sentencing Commission.[3]
```

The applicable policy statement is set forth in U.S.S.G. § 1B1.13.[4] Section 1B1.13 provides, in relevant part, that a § 3582(c)(1)(A) motion may be granted upon a finding that: (1) extraordinary and compelling reasons warrant a reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.S. § 3142(g); and (3) the reduction is consistent with the policy statement.

---

[3] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Shaw has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

[4] *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021), which held that the version of § 1B1.13 then in effect was not an "applicable policy statement" binding on the courts, no longer controls following the November 2023 amendments to § 1B1.13. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024).

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

Shaw asserts that extraordinary and compelling reasons exist because his mother, who he claims is the caretaker for his minor daughter, is having hip surgery, and because he has been rehabilitated. The government argues that Shaw has not satisfied the requirements for relief set forth in § 1B1.13.

U.S.S.G. § 1B1.13(b)(3)(A) identifies as a potential extraordinary and compelling reason "[t]he death or incapacitation of the caregiver of the defendant's minor child." Shaw has failed to establish that he has a minor child who is being cared for by his mother, even assuming that his mother's hip surgery would incapacitate her from caring for a child. Accordingly, Shaw has not established extraordinary and compelling reasons on this basis.

To the extent Shaw claims that he needs to be released to care for his mother after her surgery, U.S.S.G. § 1B1.13(b)(3)(C) identifies as potential extraordinary and compelling reasons "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Even assuming the surgery would incapacitate Shaw's mother, Shaw has not established that he is his mother's only available caregiver. In fact, the PSR indicates that Shaw has multiple adult siblings. (PSR ¶ 107). Accordingly, to the extent he bases his request on § 1B1.13(b)(3)(C), Shaw has failed to establish extraordinary and compelling reasons for release.

Moreover, Shaw's rehabilitative efforts do not on their own or in combination with the other factors support a finding of

3

extraordinary and compelling reasons for a reduction in sentence. *See* U.S.S.G. § 1B1.13(d).

Finally, even if there were extraordinary and compelling reasons for a sentence reduction, the relevant § 3553(a) factors do not favor a reduction in sentence here. As the court previously explained, the nature and circumstances of the offenses were violent and included not only pointing a firearm at multiple victims but doing so at close range and with threats to kill, and Shaw's history and characteristics are also steeped in violence. An 84-month sentence remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and also to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Accordingly, IT IS THEREFORE ORDERED that Shaw's motion for reduction of sentence (ECF No. 87) is DENIED.

IT IS SO ORDERED.

DATED: This 7th day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE